STATE OF NORTH CAROLINA v. LEROY R. DALE LINVILLE

No. 38

(Filed 6 May 1980)

1. **Criminal Law § 63— defendant's statements showing mental state—admissibility**

   Statements by an accused of an existing emotion or other mental state made before commission of the crime and not shown to be in contemplation of the commission of the crime are admissible as bearing upon the mental capacity of the accused at the time the crime was committed; however, such statements by an accused after the commission of the crime are not admissible, for to admit them would permit the accused to make evidence for himself.

2. **Criminal Law § 63— defendant's statements to sister—admissibility to show insanity—exclusion not prejudicial**

   In an armed robbery prosecution where defendant pled not guilty by reason of insanity, defendant was not prejudiced by the exclusion of his sister's testimony that defendant had told her he felt dizzy, felt like he was smothering, and did not know what had come over him, since the sister did testify that defendant had told her that he felt woozy, and that was substantially the same as dizzy; the statement that defendant did not know what had come over him was made after commission of the crime in question; and exclusion of the statement that defendant felt he was smothering, if it did have probative force in establishing insanity, was not prejudicial in light of all the remaining testimony before the jury on the question of defendant's insanity.

3. **Criminal Law § 5.1— defense of insanity—first issue submitted to jury—no error**

   In an armed robbery prosecution where defendant pled insanity, the trial court did not err in submitting the insanity issue so as to be answered first before a consideration of a general verdict of guilty or not guilty of the offense charged, since the applicable principles of law were adequately explained to the jury, and the jury had a clear understanding of its duties in relation to the law and the evidence.

4. **Criminal Law § 5.1— defense of insanity—last issue for jury**

   In cases where a plea of not guilty by reason of insanity is recorded, the court should first submit general issues of guilt or innocence, and thereafter, where the evidence justifies instructions on the defense of insanity, a special

issue as to whether the jury found defendant not guilty because he was insane may be submitted as the last issue, but the jury should be instructed that it is not to consider the special issue unless it has returned a general verdict of not guilty.

THIS case is before us on defendant's petition for discretionary review of an opinion of the Court of Appeals reported at 43 N.C. App. 204, 258 S.E. 2d 397 (1979). The appeal to the Court of Appeals was from *Albright, Judge.* Judgment entered 5 January 1979 in Superior Court, SURRY County. The Court of Appeals found no error. Our order for discretionary review was entered 4 December 1979.

Defendant was indicted for armed robbery. He entered pleas of not guilty and not guilty by reason of insanity. The State offered evidence which tended to show that during the afternoon of 11 July 1978 defendant robbed two employees of The Dollar General Store of Mount Airy by threatening them with a gun. The jury found defendant guilty of robbery with a firearm and he was sentenced to a term of not less than 20 nor more than 30 years.

Other facts necessary for an understanding of the questions raised on this appeal will be set out in the opinion.

*Attorney General Edmisten, by Assistant Attorney General Richard L. Griffin, for the State.*

*Stephen G. Royster for the defendant.*

BROCK, Justice.

Defendant offered evidence in support of his plea of not guilty by reason of insanity. He offered the testimony of Dr. Billy J. Royal, a forensic psychiatrist. Dr. Royal testified that defendant suffered from a schizoid personality and possibly schizophrenic reaction; that the defendant gave the impression of having "a lot of fantasy life and having difficulty in separating out reality at times." Dr. Royal further testified that defendant was not psychotic during any of his examinations, but that it was possible that he could have had psychotic episodes in the past. He testified that he was not able to say that the defendant did not know right from wrong at the time of the alleged robbery, but that defendant could have been experiencing a psychotic episode.

State v. Linville

[1, 2] Defendant's sister was also offered as a witness to establish defendant's mental condition on the day of the robbery. Following a hearing of the witness' testimony in the absence of the jury the trial judge ruled that the witness could testify about her visual observation of defendant and her opinion of whether defendant knew right from wrong at the time of the offense, but that she could not relate defendant's statements to her. We agree with defendant that in the light of *State v. Wade*, 296 N.C. 454, 251 S.E. 2d 407 (1978) the ruling of the trial judge was partially incorrect. In *Wade* it was clearly held that statements by an accused of an existing emotion or other mental state made before the commission of the crime and not shown to be in contemplation of the commission of the crime are admissible as bearing upon the mental capacity of the accused at the time the crime was committed. However, such statements by an accused after the commission of the crime are not admissible, for to admit them would permit the accused to make evidence for himself.

In the case *sub judice* defendant points to three statements by him to his sister which she, as his witness, was not allowed to relate to the jury: (1) "I am feeling dizzy in the head; (2) that he was smothering; (3) I don't know what is come over me."

With respect to the third alleged statement the trial judge's ruling was correct for it was a statement defendant made to his sister after the crime had been committed. *See* 296 N.C. at 466, 251 S.E. 2d at 414.

With respect to the first alleged statement, the defendant's sister did in fact testify before the jury that defendant told her he was feeling woozy and funny. In our view the statement that he was feeling woozy clearly imported to the jury that he was feeling dizzy. In fact woozy means "affected with dizziness." *See Webster's Third New International Dictionary*. Defendant's sister having testified to a statement with the same import as the one excluded by the judge, defendant cannot be said to have been prejudiced by the erroneous ruling.

Even if the second alleged statement "that he was smothering," which was excluded, has probative force in establishing insanity, with all of the remaining testimony before the jury on the question of defendant's insanity (a psychiatrist and three lay witnesses) we cannot see how the exclusion of this one statement

"that he was smothering" could constitute prejudice to the defendant's effort to establish his insanity. Defendant's assignment of error to the exclusion of evidence is overruled.

[3] Defendant's second and final assignment of error is addressed to the order in which the issue of insanity was submitted to the jury and to the instructions necessary to the submission of the issue in that order.

In this case the insanity issue was submitted so as to be answered first, before a consideration of a general verdict of guilty or not guilty of the offense charged. The issues were submitted and answered as follows:

"INSANITY ISSUE

1 (a). Was the defendant on July 11, 1978, by reason of a defect of reason or disease of the mind, incapable of knowing the nature and quality of the act which he is charged with having committed, or if he did know this, was he by reason of such defect or disease, incapable of distinguishing between right and wrong in relation to such act?

ANSWER: No.

1 (b). If so, is the defendant NOT GUILTY by reason of insanity?

ANSWER: _____.

s / D.B. KIMREY, JR.
Foreman

Answered in Open Court 1-5-79

- - -

VERDICT

We, the jury, unanimously find the defendant, Leroy Linville, Guilty of Robbery with a firearm.

s / R.B. KIMREY, JR.
Foreman

Answered in Open Court 1-5-79"

We have carefully examined defendant's arguments concerning the order in which the issues were submitted and concerning

the instructions necessary for the issues as submitted. In our opinion the applicable principles of law were adequately explained to the jury, and the jury had a clear understanding of its duties in relation to the law and the evidence. We find no error prejudicial to the defendant.

However, in view of the apparent confusion which has arisen from this Court's suggestions in *State v. Cooper*, 286 N.C. 549, 213 S.E. 2d 305 (1975), Chief Justice Sharp dissenting, and in *State v. Hammonds*, 290 N.C. 1, 224 S.E. 2d 595 (1976), and the arguments these suggestions have engendered, we feel it is appropriate to reexamine the cases and the order of issues where a plea of not guilty by reason of insanity is recorded.

A finding of not guilty by reason of insanity is basically nothing more than a general verdict of not guilty rendered because the defendant has satisfied the jury that he was insane at the time he committed the offense. In a like manner a general verdict of not guilty may be rendered due to the fact that the State has failed to satisfy the jury beyond a reasonable doubt that: (1) defendant was the person who committed the offense; (2) the offense was committed; (3) that some necessary element of the offense was present; (4) that defendant did not act in self-defense; (5) that defendant did not act in defense of another; or (6) defendant's act was not otherwise legally excused. In none of these latter instances does the court know, or inquire upon what ground the jury returned its verdict of not guilty. Therefore it is clear that a general verdict of not guilty in instances where the defendant has carried his burden of satisfying the jury that he was insane at the time he committed the offense is acceptable. It must be remembered, however, that when a jury acquits a defendant because it is satisfied that he was insane at the time of the offense, the reason for the jury's verdict must be disclosed upon the record. *See* G.S. 15A-1237(c). This information must be disclosed to the defendant, to the State, and to the court in order that appropriate mental treatment can be accorded to the defendant through proceedings for commitment of defendant to an institution for psychiatric or other care. It is only the *method* of obtaining this necessary information concerning a verdict of not guilty by reason of insanity that has caused some confusion and considerable argument. By the discussion which follows we hope to simplify the matter, and to clarify such confusion as may exist.

In *State v. Cooper, supra,* the defendant was charged with the murder of his wife and four of their children. He pleaded insanity and offered evidence in support thereof. In *Cooper* the trial judge submitted four issues to the jury:

    1. First degree murder.

    2. Second degree murder.

    3. Not guilty by reason of insanity.

    4. Not guilty.

This Court in *Cooper* found no error but suggested issues as follows:

"1. 'Was the defendant (at the time of the alleged offense), by reason of a defect of reason or disease of mind, incapable of knowing the nature and quality of the act which he is charged with having committed, or if he did know this, was he, by reason of such defect or disease, incapable of distinguishing between right and wrong in relation to such act?' "

    2. First degree murder.

    3. Second degree murder.

    4. Not guilty.

286 N.C. at 571, 213 S.E. 2d at 320. The dissent in *Cooper* suggested issues as follows:

"1. 'Did the defendant kill the deceased?

2. If so, was defendant insane when the killing occurred?' "

    3. First degree murder.

    4. Second degree murder.

    5. Not guilty.

286 N.C. at 590, 213 S.E. 2d at 331.

In *State v. Hammonds, supra,* the defendant was charged with the murder of a store owner in Wadesboro, N.C. He pleaded insanity and offered evidence in support thereof. In *Hammonds* the trial judge submitted the following issues to the jury:

1. Did the defendant kill Herman Capel on May 21, 1975?

2. If so, is the defendant not guilty by reason of insanity?

3. Guilty of first degree murder.

4. Guilty of second degree murder.

5. Not guilty.

These issues were presented in the order suggested by the dissent in *Cooper*, and on appeal, this Court in *Hammonds* approved the order in which the issues had been submitted by the trial judge. However, a new trial was ordered in *Hammonds*, because following closing argument of the district attorney suggesting that if the jury found the defendant not guilty by reason of insanity he would be returned to the community, the trial judge failed to instruct the jury upon the law and commitment procedure applicable after a verdict of not guilty by reason of insanity.

The Conference of Superior Court Judges has adopted N.C. P.I.—Crim. 304.10 which employs the submission of issues in accordance with *Hammonds*. The problem with the procedure adopted in N.C. P.I.—Crim. 304.10 is that it applies the procedure to all criminal acts whereas *Hammonds* and the dissent in *Cooper* were dealing only with a homicide. While we think the procedure adopted in N.C. P.I.—Crim. 304.10 is satisfactory in some homicide cases, the same procedure in other criminal offense cases requires a delicate, painstaking, and risky articulation of the first issue as is demonstrated in the case *sub judice* which appears to be a combination of the majority and dissenting suggestions in *Cooper*.

[4] While we hold that in the present case the order of issues and the necessary instructions thereon clearly presented the questions to the jury and therefore were not erroneous, we feel that a better degree of uniformity and simplicity can be achieved by the submission of issues of guilt or innocence in the normal fashion in all cases, including homicide. Thereafter, in cases where the evidence justifies instructions on the defense of insanity, a Special Issue can be submitted as the last issue as follows:

*Special Issue*: Did you find defendant not guilty because you were satisfied that he was insane?

An affirmative answer to this issue would place upon the record the information necessary for the trial judge to institute commitment procedures pursuant to G.S. 15A-1321.

The submission of a Special Issue as the last issue, presupposes a correct instruction to the jury on defendant's defense of insanity for the return of its general verdict. The jury should be instructed, of course, that it will not consider the Special Issue *unless* it has returned a general verdict of not guilty. However, in the event of a general verdict of not guilty, the jury must clarify for the record whether its general verdict of not guilty was or was not based upon its satisfaction that defendant was insane. Of course, the reason for a verdict of not guilty rendered for a reason other than insanity need not be specified.

The Court of Appeals' opinion finding no error in the trial of this defendant is

Affirmed.